# Supreme Court of Florida

_____

No. SC2026-0690

_____

**IN RE: AMENDMENTS TO FLORIDA PROBATE RULES - 2026 LEGISLATION.**

July 16, 2026

PER CURIAM.

In response to recent legislation, The Florida Bar's Probate Rules Committee has filed a "fast-track" report proposing amendments to Florida Probate Rules 5.025 (Adversary Proceedings), 5.425 (Disposition Without Administration of Intestate Personal Property in Small Estates), and 5.530 (Summary Administration).[1] The amendments are based on the statutory changes in chapter 2026-57, Laws of Florida, which became effective on July 1, 2026.

The Committee voted to approve the amendments by votes of 22-1-1 (rule 5.025), 24-0-0 (rule 5.425), and 24-0-0 (rule 5.530).

---

1. We have jurisdiction. _See_ art. V, § 2(a), Fla. Const.; _see also_ Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

After considering the Committee's proposals and the relevant legislation, we amend rules 5.025, 5.425, and 5.530 as proposed by the Committee. The more significant amendments are discussed below.

Rule 5.025 is amended to add a new subdivision (a)(14) to classify proceedings to enforce the authority of a personal representative under section 733.612 as adversarial in nature unless ordered otherwise by the court. This is consistent with the legislative change to section 733.612, Florida Statutes, as amended by chapter 2026-57, section 4, Laws of Florida.

Next, we amend rules 5.425(a)(2)(C) and 5.425(b)(3) to raise the value of nonexempt personal property eligible for disposition without administration from $10,000 to $20,000. These changes are consistent with the legislative change to section 735.304, Florida Statutes, as amended by chapter 2026-57, section 10, Laws of Florida.

Lastly, rule 5.530(a)(7) is amended to raise the value of estates subject to summary administration from $75,000 to $150,000, consistent with the changes to section 735.201, Florida Statutes, as amended by chapter 2026-57, section 7, Laws of Florida.

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments are effective immediately. Because the amendments were not published for comment prior to their adoption, interested persons have 75 days from the date of this opinion to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before September 29, 2026, with a certificate of service verifying that a copy has been served on the Committee Co-Chairs, J. Allison Archbold, Archbold Law Firm, P.A., 1217 South Tamiami Trail, Sarasota, Florida 34239, jaa@archbold.law, and Marve Ann M. Alaimo, Porter Wright Morris & Arthur LLP, 9132 Strada Place, Suite 301, Naples, Florida 34108, malaimo@porterwright.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 East Jefferson Street, Tallahassee, Florida 32399, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Co-Chairs have until October 20, 2026, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399; no additional copies are required or will be accepted.

It is so ordered.

COURIEL, C.J., and LABARGA, MUÑIZ, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

J. Allison Archbold, Co-Chair, Probate Rules Committee, Sarasota, Florida, Marve Ann M. Alaimo, Co-Chair, Probate Rules Committee, Naples, Florida, Michael A. Sneeringer, Past Chair, Probate Rules Committee, Bonita Springs, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 5.025.   ADVERSARY PROCEEDINGS

**(a)   Specific Adversary Proceedings.** The following proceedings are adversary proceedings unless otherwise ordered by the court:

(1)-(11)    [No Change]

(12)  to determine amount of elective share; ~~and~~

(13)  to determine elective share contribution; and

(14)  to enforce the authority of a personal representative under section 733.612, Florida Statutes.

**(b)-(d)**    [No Change]

## Committee Notes

### Rule History

1975 Revision - 2024 Revision  [No Change]

2026 Revision: Subdivision (a) amended to add proceedings to enforce the authority of a personal representative under section 733.612. Committee notes revised.

### Statutory References

§ 393.12, Fla. Stat.   [No Change]

§ 655.933, Fla. Stat. Access by fiduciaries.

§ 655.936, Fla. Stat. Delivery of safe-deposit box contents or property held in safekeeping to personal representative.

§§ 732.201–732.2155, Fla. Stat. - § 733.609, Fla. Stat.    [No Change]

§ 733.612, Fla. Stat. Transactions authorized for the personal representative; exceptions.

§ 733.619(2), (4), Fla. Stat. - § 825.1035, Fla. Stat.   [No Change]

**Rule References**

[No Change]

**RULE 5.425.    DISPOSITION WITHOUT ADMINISTRATION OF INTESTATE PERSONAL PROPERTY IN SMALL ESTATES**

(a)    **Administration Not Required.** No administration ~~shall be~~is required or formal proceedings instituted ~~upon~~ the estate of a decedent who:

(1)    [No Change]

(2)    leaves only:

(A)-(B)      [No Change]

(C) non-exempt personal property the value of which does not exceed the sum of $~~10,000~~20,000 and the amount of preferred funeral expenses and reasonable and necessary medical and hospital expenses of the last 60 days of the last illness;

(3)-(4)      [No Change]

(b)    **Affidavit.** Any heir at law of the decedent entitled to a share of the intestate estate ~~pursuant to~~under section 732.102 or section 732.103, Florida Statutes, may by affidavit request distribution of assets of the decedent by affidavit. The affidavit must be signed and verified by the surviving spouse, if any, and any heirs

at law, except that joinder in the affidavit is not required of an heir at law who will receive a full intestate share under the proposed distribution of the personal property. The affidavit ~~shall~~must contain:

(1)-(2)     [No Change]

(3)     a statement that the decedent died leaving only personal property exempt under the provisions of section 732.402, Florida Statutes, personal property exempt from the claims of creditors under the Florida Constitution, and non-exempt personal property the value of which does not exceed the sum of $~~10,000~~20,000;

(4)-(9)     [No Change]

(10)  a statement either:

(A)    [No Change]

(B)    that a diligent search and reasonable inquiry for any known or reasonably ascertainable creditors has been made and ~~one~~1 of the following:

(i)-(ii)     [No Change]

(11)        [No Change]

**(c)    Service.** The affidavit must be served in the manner of formal notice ~~upon~~:

(1)-(2)     [No Change]

(3)     if at the time of death the decedent was over the age of 55 years, ~~upon~~ the Agency for Health Care Administration.

**(d)**    [No Change]

### Committee Notes

**Rule History**

[No Change]

2026 Revision: Subdivisions (a) and (b) amended to reflect the increase in the statutory limit in section 735.304, Florida Statutes. Committee notes revised.

**Statutory References**
[No Change]

**Rule References**

Fla. Prob. R. 5.020 - Fla. R. Gen. Prac. & Jud. Admin. 2.425 [No Change]

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


**RULE 5.530.   SUMMARY ADMINISTRATION**

**(a)   Petition.** The petition must be verified as required by law and must contain:

(1)-(6)   [No Change]

(7)   a statement that the value of the entire estate subject to administration in this state, less the value of property exempt from the claims of creditors, does not exceed $~~75,000~~150,000 or that the decedent has been dead for more than 2 years;

(8)   [No Change]

(9)   a statement either~~;~~:

(A)-(B)   [No Change]

- 8 -

(10)-(12)   [No Change]

**(b)-(d)**      [No Change]

## Committee Notes

**Rule History**

1977 Revision - 2014 Revision  [No Change]

2026 Revision: Subdivision (a) amended to reflect the increase in the statutory limit in section 735.201, Florida Statutes. Committee notes revised.

**Statutory References**
[No Change]

**Rule References**

[No Change]